United States District Court
Southern District of Texas

**ENTERED**

April 01, 2024

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN D PELKO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00339 |
| | § | |
| PERALES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

Plaintiff John D. Pelko, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening and the reasons set forth below pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the undersigned respectfully recommends that all of Plaintiff's claims against Jet Team Officer Perales ("Perales") and Ms. Villareal ("Villareal") in their individual capacities be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief.[1]

---

[1] The undersigned further respectfully recommends that the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g). Plaintiff already has accumulated three strikes for filing frivolous lawsuits. *See Pelko v. Mixon, et al.*, No. 2:23-cv-282 (S.D. Tex. Mar. 26, 2024) (order of dismissal assessing strike); *Pelko v. Reyna*, No. 2:24-cv-8 (S.D. Tex. Mar. 22, 2024) (order of dismissal assessing strike); *Pelko v. Stith, et al.*, No. 2:23-cv-296 (S.D. Tex. Mar.

## I.      JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.      PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is currently confined as a pretrial and post-trial detainee at the Nueces County Jail (ACDC) in Corpus Christi, Texas.  In this action, Plaintiff sues Jet Team Officer Perales ("Perales") and Ms. Villareal ("Villareal").  (D.E. 1, p. 1).  Plaintiff filed a second civil rights action raising the same claims against the same defendants.  (Case No. 2:24-CV-00004, D.E. 1).  The second action was consolidated into this action and administratively closed.  (D.E. 5). The complaint from Case No. 2:24-CV-4 has been docketed as a supplement to the complaint in this action. (D.E. 10).  At the Court's direction, Plaintiff has filed a More Definite Statement in which he answered several questions posed by the Court to further explain his claims.  (D.E. 13).

Plaintiff alleges the following facts in his original complaint as supplemented (D.E.'s 1, 10) and More Definite Statement (D.E. 13).  Plaintiff was in custody at the Nueces County Jail as a pretrial detainee at all relevant times in 2021 on charges of aggravated robbery, arson, and family violence.  (D.E. 13, p. 1).  In April 2021, Perales

13, 2024) (order of dismissal assessing strike).  Because he has now accumulated three strikes, Plaintiff is prohibited from bringing any further actions or appeals *in forma pauperis* while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury.  *See* 28 U.S.C. § 1915(g).  However, this case was filed before Plaintiff accumulated his third strike, so the undersigned has conducted traditional PLRA screening.

2 / 17

and an unidentified sergeant removed Plaintiff from Administrative Segregation and placed him into a 12-man cell. (*Id.* at 2). Perales provided Plaintiff with no reason for his transfer. (*Id.*). When Plaintiff expressed his belief to Perales that he may be an escape risk, Perales responded that there were plenty of escape risks in general population. (*Id.*).

Before being moved to the 12-man cell, Plaintiff had no reason to believe he would be attacked there and that he never communicated a concern to jail officials, including Perales, that he would be attacked there. (*Id.* at 2-3). On October 3, 2021, Plaintiff was attacked by three inmates in the 12-man cell. (*Id.*). The assault occurred after words were exchanged between Plaintiff and an inmate named Pento. (*Id.*). Plaintiff was then assaulted by Pento and two other inmates named Hopkins and Rodriguez. (*Id.*). Sgt. Guitterez, Officer Riojas, Officer Warner, and Officer Perez responded to the altercation. (D.E. 1, p. 2).

Plaintiff was taken to Shoreline Hospital on the day of the assault where he received ten stitches above the left eye. (D.E. 1, p. 2; D.E. 13, p. 3). As a result of the fight, Plaintiff suffered an orbital fracture, two broken ribs, and a wound above the left eye. (D.E. 1, pp. 1-2).

Plaintiff claims that Perales acted with deliberate indifference to his health and safety by wrongfully transferring him from Administrative Segregation and placing him in a 12-man cell. (D.E. 1, pp. 2-3). Plaintiff alleges that he filed grievances with respect to Perales's conduct weeks after returning from the hospital on October 4, 2021, but that he never received any responses. (D.E. 13, p. 6).

Plaintiff returned to the jail from the hospital on October 4, 2021.  (D.E. 13, p. 3).

Plaintiff was forced to walk without the benefit of a cane, crutches, or a wheelchair inside

the hospital to the bottom floor and across the street to a parking lot where the patrol car

was parked.  (D.E. 1, p. 2; D.E. 13, p. 4).  It took Plaintiff a long time to walk this distance,

and he alleges he suffered a much pain due to his two broken ribs.  (D.E. 1, p. 2; D.E. 13,

p. 4).  When Plaintiff returned to the cell, he was placed in a medical cell.  (D.E. 13, p. 4).

Plaintiff was issued a walker by an unidentified registered nurse ("RN") approximately a

week after he was discharged from the hospital.  (*Id.*).  At some point after returning to the

jail, an unidentified nurse removed all but two stitches which resulted in scarring.  (D.E. 1,

p. 2).

According to Plaintiff, Villareal also is an RN charged with treating inmates.  (*Id.*

at 5).  At the end of October 2021, Plaintiff was able to gradually walk again and purchased

a pair of "all-white Michael Jordan walking shoes."  (D.E. 1, p. 3; D.E. 13, p. 5).  According

to Plaintiff, Villareal turned away his father, who was delivering the shoes to the jail's front

desk, even though the shoes had been approved.  (D.E. 1, p. 3; D.E. 13, p. 5).  Villareal

denied ever approving him the walking shoes and stated that Plaintiff could only receive

"orthopedic Dr. Shoals."  (D.E. 13, p. 5).  Plaintiff, therefore, was forced to wear shower

slides, which made the pain in his ribs worse. (D.E. 1, p. 3).  On a scale of one to ten, with

ten being the most severe pain, Plaintiff described his pain levels in his ribs when wearing

the shower shoes as a five or six and the worst pain he ever endured.  (D.E. 13, p. 6).

While not expressly stated, Plaintiff's claim is liberally construed to assert that Villareal acted with deliberate indifference to his serious medical needs when denying him his white walking shoes.  (D.E. 1, p. 3).  Plaintiff alleges that he filed grievances with respect to Villareal's conduct shortly after returning from the hospital on October 4, 2021, but that he never received any responses.  (D.E. 13, p. 6).

Plaintiff states that he now can only feel half his face, that he has suffered from multiple seizures since the October 3, 2021 altercation, and that his ribs continue to ache while lying on his side.  (D.E. 1, p. 2; D.E. 13, p. 6).  Plaintiff seeks monetary relief.  (D.E. 1, pp. 3-4; D.E. 13, p. 7).

## III.    GOVERNING LAW

### A.  Legal Standard for Screening of Plaintiff's Action

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal

interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).

A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to

present additional facts when necessary, the facts alleged are clearly baseless." *Talib v.*

*Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true,

viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d

322, 324 (5th Cir. 1999).  "The issue is not whether the plaintiff will ultimately prevail, but

whether he is entitled to offer evidence to support his claim.  Thus, the Court should not

dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts

or any possible theory that he could prove consistent with the allegations in the complaint."

*Id.* (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009).  Plaintiff must allege sufficient facts in support of its legal conclusions that give

rise to a reasonable inference that Defendant is liable.  *Id.*; *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 556 (2007).  The factual allegations must raise Plaintiff's claim for relief

above the level of mere speculation.  *Twombly*, 550 U.S. at 555.  As long as the complaint,

taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim

should not be dismissed.  *Id.*

Pleadings filed by *pro se* litigants like Plaintiff are construed using a less stringent

standard of review.  Documents filed by *pro se* litigants are to be liberally construed, and

*pro se* complaints, however inartfully drafted they might be, are held to less stringent

standards than formal pleadings drafted by lawyers. *See Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A plaintiff's well-pleaded factual allegations in the complaint are to be taken as true for purposes of screening, but such deference does not extend to conclusory allegations, unwarranted factual inferences, or legal conclusions. *DeMarco v. Davis*, 914 F.3d 383, 386-87 (5th Cir. 2019).

### B.  Relevant law regarding 42 U.S.C. § 1983

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States.  42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).  A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties.  *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).   "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983).

## IV.   DISCUSSION

### A.  Deliberate Indifference Claim against Perales

Plaintiff claims that Perales acted with deliberate indifference to his health and safety by wrongfully transferring him from Administrative Segregation and placing him in a 12-man cell, where he was assaulted months later by three inmates.  (D.E. 1, pp. 2-3).

Liberally construed, Plaintiff brings a failure-to-protect claim against Perales in his individual capacity.

As a pretrial detainee, Plaintiff's failure to protect claim arises under the Due Process Clause of the Fourteenth Amendment.  Similar to an inmate's Eighth Amendment claim for failure to protect, jail officials has a duty to protect a pretrial detainee from violence at the hands of other inmates while confined.  *See Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996). "Prison officials must guard against current threats, as well as sufficiently imminent dangers that may cause harm in the future; however, not every injury caused by another prisoner gives rise to constitutional liability."  *Westbrook v. Rowe*, No. 5:22-CV-309-BQ, 2023 WL 9119036, at *2 (N.D. Tex. Dec. 11, 2023), *recommendation adopted* 2024 WL 84214 (N.D. Tex. Jan. 8, 2024) (citing *Horton v. Cockrell*, 70 F.3d 397, 400-01 (5th Cir. 1995)).

The district court in *Westbrook* sets forth the pertinent legal authority governing a pretrial detainee's failure-to-protect claim:

> In a case alleging an "episodic act or omission" by a jail official, such as [the inmate] alleges here, a detainee must show that the official acted with "deliberate indifference" to a substantial risk of serious harm to the detainee. *Hare*, 74 F.3d at 636 (citing *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). Specifically, to state a constitutional claim for failure to protect, a plaintiff must show: (1) he was subjected to conditions "posing a substantial risk of serious harm"; and (2) prison officials were deliberately indifferent to his need for protection. *Id.* at 648 (quoting *Farmer*, 511 U.S. at 834); *see Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). A finding of deliberate indifference requires more than mere negligence – the jail official

must: (1) be subjectively aware that the detainee faces a substantial risk of serious harm; and (2) disregard that risk by failing to take reasonable measures to alleviate it.  *See Farmer*, 511 U.S. at 837; *see also Hare*, 74 F.3d at 648 ("Though *Farmer* dealt specifically with a prison official's duty under the Eighth Amendment to provide a convicted inmate with humane conditions of confinement, we conclude that its subjective definition of deliberate indifference provides the appropriate standard for measuring the duty owed to pretrial detainees under the Due Process Clause.").  Thus, the jail official "must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer*, 511 U.S. at 837.

A detainee seeking to establish a constitutional violation need not show that jail officials believed harm would actually occur—"it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."  *Id.* at 842; *see Hare*, 74 F.3d at 648.  The law does not expect or require, however, that jail officials "prevent all inmate-on-inmate violence" (*Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003))), and mere negligence in failing to protect a detainee from assault does not comprise a constitutional violation.  *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990); *see also Ard v. Rushing*, 597 F. App'x 213, 219 (5th Cir. 2014) (per curiam) ("A state actor's failure to alleviate 'a significant risk that he should have perceived but did not,' while 'no cause for commendation,' does not rise to the level of deliberate indifference." (quoting *McClendon v. City of Columbia*, 305 F.3d 314, 326 n.8 (5th Cir. 2002)).  "To sustain his constitutional claim, [the detainee] must demonstrate something approaching a total unconcern for his welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm[.]"  *Hamilton v. Dretke*, No. 7:06-CV-043-O, 2009 WL 320777, at *2 (N.D. Tex. Feb. 10, 2009) (second alteration in original) (quoting *King v. Fairman*, 997 F.2d 259, 261 (7th Cir. 1993)).

*Westbrook*, 2023 WL 9119036 at *3.

Here, Plaintiff alleges that Perales and an unidentified sergeant removed Plaintiff from Administrative Segregation in April 2021 and placed him into a 12-man cell.  (D.E.

13, p. 2).  Plaintiff further alleges that, before being moved, he had no reason to believe he

would be attacked in the 12-man cell and that he never communicated any such concern to

Perales about being attacked in the 12-man cell.  (*Id.* at 2-3).  Plaintiff alleges that he was

attacked by three inmates on October 3, 2021, several months after being placed in the 12-

man cell and that he suffered an orbital fracture, two broken ribs, and a wound above the

left eye.  (D.E. 1, pp. 1-2; D.E. 13, p. 3).

Plaintiff's allegations, accepted as true, fail to indicate that Perales possessed any

knowledge that a substantial risk of harm existed when moving Plaintiff to the 12-man cell

in April 2021 or that he disregarded such risk by failing to take any reasonable measures

to alleviate the risk.  Indeed, Plaintiff alleges no specific facts showing that Perales should

have known about the risk of an attack when he moved Plaintiff to the 12-man cell several

months before he was actually assaulted by three inmates.   *See Hill v. Thomas*, 326 F.

App'x 736, 737 (5th Cir. 2009) (per curiam) (affirming the dismissal of inmate's failure to

protect claim when inmate failed to show defendants had knowledge of a substantial risk

of serious harm to inmate prior to the incident at issue); *Kelly v. Caudillo*, No. 5:21-CV-

175-BQ, 2022 WL 19228850, at *7 (N.D. Tex. Aug. 30, 2022) (recommending dismissal

of plaintiff's claim because he "failed to plead facts showing he informed any [d]efendant

of a substantial risk that his cellmate would sexually assault him"), *recommendation

adopted*, 2023 WL 2604955 (N.D. Tex. Mar. 22, 2023), *aff'd* 2023 WL 5767578 (5th Cir.

2023).  Accordingly, the undersigned respectfully recommends that Plaintiff's failure-to-

protect claim against Perales in his individual capacity be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

### B. Deliberate Indifference Claim against Villareal

Plaintiff claims that Villareal acted with deliberate indifference to his health when she denied him his white walking shoes at the end of October 2021.  (D.E. 1, p. 3). Liberally construed, Plaintiff brings a deliberate indifference claim against Villareal, who is an RN at the jail, for denying him medical treatment in the form of proper shoes to aid his ability to ambulate.

While housed in a county jail, detainees have "a constitutional right, under the Due Process Clause of the Fourteenth Amendment, not to have their serious medical needs met with deliberate indifference." *Kelson v. Clark*, 1 F.4th 411, 417 (5th Cir. 2021) (quoting *Thompson v. Upshur Cnty., Tex.*, 245 F.3d 447, 457 (5th Cir. 2001)).  Plaintiff's allegations against Villareal are construed as raising an episodic-acts-or-omissions due process claim.

"[T]here is no constitutionally significant distinction between the rights of pretrial detainees and convicted inmates to basic human needs such as medical care." *Reyes v. Tom Green Jail*, No. 6:19-CV-00037-BU, 2022 WL 3588932, at *5 (N.D. Tex. Aug. 1, 2022), *recommendation adopted*, 2022 WL 3588044 (N.D. Tex. Aug. 22, 2022) (citing *Hare*, 74 F.3d at 643).  Courts, therefore, apply the same deliberate indifference standard to medical claims brought by both pretrial detainees and convicted inmates.  *Kelson*, 1 F.4th at 418.

"Deliberate indifference is "an extremely high standard to meet."  *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001).  To establish deliberate indifference regarding denial-of-medical care claims:

> The [pretrial detainee] must first prove objective exposure to a substantial risk of serious harm—in other words, the [pretrial detainee] must prove a serious medical need. Second, the [pretrial detainee] must prove the officials' subjective knowledge of this substantial risk. Third, the [pretrial detainee] must prove that the officials, despite their actual knowledge of the substantial risk, denied or delayed the [pretrial detainee's] medical treatment. Finally, the [pretrial detainee] must prove that the delay in or denial of medical treatment resulted in substantial harm, such as suffering additional pain. Importantly, disagreement about the recommended medical treatment is generally not sufficient to show deliberate indifference.

*Petzold v. Rostollan*, 946 F.3d 242, 249 (5th Cir. 2019) (cleaned up); *see also Estate of Bonilla v. Orange Cnty.*, 982 F.3d 298, 305 (5th Cir. 2020) ("To prove deliberate indifference, the Plaintiffs must show that the defendants were aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, that the defendants actually drew the inference, and that the defendants disregarded that risk by failing to take reasonable measures to abate it." (cleaned up)). A serious medical need is "one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required."  *Gobert v. Caldwell*, 463 F.3d 339, 345, n.12 (5th Cir. 2006).

The Fifth Circuit has "consistently recognized ... that 'deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial

risk of serious harm.'"  *Dyer v. Houston*, 964 F.3d 374, 381 (5th Cir. 2020) (quoting *Thompson*, 245 F.3d at 458-59); *see also Aguirre v. City of San Antonio, 995 F.3d 395, 420 (5th Cir. 2021)* ("Negligence or even gross negligence is not enough, the officials must have actual knowledge of the substantial risk.").  The Supreme Court further explains that "an official's failure to alleviate a significant risk that he should have perceived but did not" falls short of constituting deliberate indifference.  *Farmer*, 511 U.S. at 838.

Plaintiff alleges that, at the end of October 2021, Villareal prevented Plaintiff's father from delivering to Plaintiff a pair of "all-white Michael Jordan walking shoes"  (D.E. 1, p. 3; D.E. 13, p. 5).   According to Plaintiff, he was forced to wear shower slides, which made the pain in his ribs from the altercation earlier that month worse.  (D.E. 1, p. 3).  On a scale of one to ten, with ten being the most severe pain, Plaintiff described his pain levels in his ribs when wearing the shower slides as a five or six and the worst pain he ever endured.  (D.E. 13, p. 6).  While stating generally he was in great pain, Plaintiff offers no specific facts detailing that Villareal was aware at the time she denied Plaintiff's requested shoes of the serious pain levels in Plaintiff's ribs caused by having to walk with shower slides.

Further, Plaintiff's allegations reflect that, while denying Plaintiff's requested walking shoes, she advised that Plaintiff could receive "orthopedic Dr. Shoals" shoes to wear.  (D.E. 1, p. 3; D.E. 13, p. 5).  Plaintiff offers no explanation as to why he did not seek to obtain these permissible shoes.  Plaintiff's allegations, accepted as true, fail to indicate that Villareal was aware of facts that a substantial risk of serious harm existed for Plaintiff

and then disregarded that risk by failing to take any reasonable measures to abate it.  *See Estate of Bonilla*, 982 F.3d at 305; *see also Allen v. Valdez*, No. 3:19-cv-00535-S (BT), 2019 WL 3096090, at *2 (N.D. Tex. Apr. 19, 2019) (dismissing inmate's deliberate indifference claim based on his failure to allege defendants knew he needed medical attention), *recommendation adopted*, 2019 WL 3081664 (N.D. Tex.  Jul. 15, 2019); *Johnson v. Richland Par. Det. Center*, No. 18-1091, 2019 WL 3026987, at *4 (W.D. La. Jun. 19, 2019) (dismissing inmate's deliberate indifference claim for failure to allege specific facts that the nurse and officer "knew that [the inmate] was experiencing 'agonizing pain' or that he otherwise faced a substantial risk of serious harm"), *recommendation adopted*, 2019 WL 3021827 (W.D. La. Jul. 10, 2019).

At best, Plaintiff's allegations indicate that Villareal's decision to deny Plaintiff's requested shoes amounted to a negligent or grossly negligent response to a substantial risk of serious harm. *See Farmer, 511 U.S. at 838* (explaining that the "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference); *Thompson*, 245 F.3d at 459 ("Deliberate indifference cannot be inferred from a negligent or grossly negligent response to a substantial risk of harm."). Accordingly, the undersigned respectfully recommends that Plaintiff's deliberate indifference claim against Villareal in her individual capacity be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

### C.  Additional Allegations

In his complaint and More Definite Statement, Plaintiff alleges that: (1) on October 4, 2021, when he was discharged from the hospital, he was forced to walk without the benefit of a cane, crutches, or a wheelchair inside the hospital to the bottom floor and across the street to a parking lot where the patrol car was parked (D.E. 1, p. 2; D.E. 13, p. 4); (2) it took Plaintiff a long time to walk this distance, and he suffered a lot of pain due to his two broken ribs (D.E. 1, p. 2; D.E. 13, p. 4); and (3) at some point after returning to the jail, an unidentified nurse removed all but two stitches which resulted in scarring.  (D.E. 1, p. 2).  With respect to these allegations, Plaintiff provides no detail to suggest that either Perales or Villareal personally participated in these incidents or otherwise caused these incidents to happen.

As noted above, "[p]ersonal involvement is an essential element of a civil rights cause of action."  *Thompson,* 709 F.2d at 382.  Accordingly, the undersigned recommends that Plaintiff's claims against Perales and Villareal in their individual capacities – in connection with the walking incident at the hospital on October 4, 2021, and scarring caused by the removal of stitches – be dismissed with prejudice for failure to state a claim for relief for failure to allege any personal participation.

## V.   RECOMMENDATION

For the reasons stated above and for purposes of §§ 1915A and 1915(e)(2), the undersigned respectfully recommends that all of Plaintiff's claims against Perales and Villareal in their individual capacities be **DISMISSED with prejudice** as frivolous and/or

for failure to state a claim for relief.  The undersigned respectfully recommends further that this dismissal **COUNTS** as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted on April 1, 2024.

Julie K. Hampton
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).